SUÁREZ, DEMANDANTE Y APELANTE, *v.* SUÁREZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre nulidad de cesión de derechos y acciones.

No. 2261.—Resuelto en enero 14, 1921.

DEMANDA—CAPACIDAD PARA DEMANDAR.—Es errónea una sentencia que declara sin lugar por falta de personalidad de la actora una demanda en que ésta pide la nulidad del traspaso fraudulento que hiciera su apoderado del derecho

hereditario de la demandante sobre bienes relictos al fallecimiento de un hermano suyo, alegándose como se alegó en la demanda que las tres cuartas partes de dichos bienes fueron heredados por el padre de éste, de quien a su vez es heredera la demandante.

Id.—Causa de Acción.—Aduce hechos suficientes para constituir causa de acción una demanda entablada para pedir la nulidad de cierta escritura de cesión de derechos otorgada por medio de apoderado en la que se alega que éste, contraviniendo la voluntad expresa de la demandante y cuando ésta le había notificado ya por carta la revocación del poder, maliciosamente y en fraude de sus intereses traspasó cuantos derechos a ella correspondían en la herencia de su dicho hermano a * * * ''; que ''en dicho contrato no medió precio * * * '' y que ''el cesionario o comprador indicado es persona que carece de recursos para hacer una operación como la concertada, y sabía, al figurar como adquirente, el fin con que dicha enajenación se hacía, que no era otro, que perjudicar a la demandante en sus legítimos derechos, imposibilitando toda reclamación de su parte.''

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. L. Méndez Vaz* y *J. R. F. Savage.*

Abogados del demandado-apelado Marcial Suárez: *Sres. C. Coll y Cuchí* y *G. Cruzado Silva.*

Abogado del demandado-apelado José Rodríguez: *Sr C. García de la Noceda.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Entablada demanda por Aurora Suárez y Suárez contra Marcial Suárez y Suárez y José Rodríguez y Alvarez en solicitud de la nulidad de cierta cesión de derechos y acciones, los demandados alegaron que dicha demanda no aducía hechos suficientes para determinar una causa de acción, alegando además el demandado Suárez, en una moción solicitando la desestimación de la demanda, que la demandante carecía de capacidad para demandar. La corte de distrito tomó bajo su consideración el caso y lo decidió por sentencia de 7 de mayo de 1920 desestimando la demanda. Contra esa sentencia se interpuso el presente recurso de apelación.

En la opinión emitida para fundamentar su sentencia, la corte de distrito se expresó así:

''Por medio de esta demanda se pretende la nulidad de una es

critura de cesión de herencia otorgada por don Marcial Suárez y Suárez en su carácter de apoderado de la demandante a favor de don José Rodríguez Alvarez, ante el notario Carlos García de la Noceda en 14 de agosto de 1918.

"Los bienes que han sido objeto de esta transacción, según la demanda, pertenecen a don Cándido Suárez y Suárez, hermano de la demandante, y se relaciona en la demanda que el carácter de heredera de dicha demandante proviene del fallecimiento de don Juan Suárez Rodríguez ocurrido en España en 2 de junio de 1902, quien ya antes, por consiguiente, había heredado a su hijo don Cándido Suárez y Suárez, que falleció en esta isla el día 10 de agosto de 1901, sin haber otorgado disposición testamentaria.

"Es evidente que dicha Aurora Suárez y Suárez, no tiene personalidad para litigar con el carácter de heredera de su hermano don Cándido, porque ella no es realmente heredera de su dicho hermano, y por consiguiente no tiene derecho a intervenir en las contrataciones que con motivo de dichos bienes hayan sido realizadas por don Marcial Suárez o por cualquiera otra persona, en su nombre y representación.

"Los equivocados conceptos en que don Marcial Suárez haya llevado a cabo esas transacciones, no crean ni otorgan a la demandante carácter de heredera de su hermano Cándido ni le dan personalidad para litigar con relación a esos bienes.

"En el caso de *Paz Alvarez Suárez* v. *Rossy, Juez de Distrito de San Juan,* se mantuvo esta doctrina nuestra que ya habíamos establecido en aquel caso.

"La Corte Suprema se expresó así:

" 'La peticionaria está claramente en un error si quiere darnos a entender que los hermanos de Cándido Suárez debieron ser incluídos entre sus herederos. Habiéndole sobrevivido su padre y algunos hijos naturales los hermanos son parientes colaterales sin derecho a ser considerados como herederos. El hecho positivo es que estos hermanos, que son algunos en número, son todos herederos de su padre que a su vez era heredero de su hijo Cándido Suárez.'

"Esto mismo decimos nosotros ahora: Mientras las partes interesadas en estas contiendas como actores, no abandonen el pensamiento de creerse herederos de don Cándido Suárez y Suárez y desistan de su propósito de intervenir en las transacciones relacionadas con la herencia de dicho finado, no podrán alcanzar el éxito que aspiran en sus gestiones.

"Ellas son las herederas de don Juan Suárez y Rodríguez y en tal concepto deben actuar en estos procedimientos."

Hemos examinado la demanda y a nuestro juicio de ella resulta que la demandante no reclama derechos como heredera de su hermano Cándido Suárez y Suárez, sino como heredera de su padre Juan Suárez y Rodríguez. Es cierto que los bienes de que se trata en el pleito proceden de la herencia de Cándido Suárez, hermano de la demandante, pero en la demanda se expresa con toda claridad que las tres cuartas partes de dichos bienes pasaron a Juan Suárez, padre de Cándido, a la muerte de éste, y que muerto luego de heredar el padre, pasaron dichos bienes a sus hijos, uno de los cuales es la demandante. Siendo esto así, caen por su base los fundamentos que tuvo la corte de distrito para desestimar la demanda.

Se sostiene además en los alegatos de los abogados de los demandados que la demanda no aduce hechos suficientes para determinar una causa de acción porque de ella misma resulta que el demandado Suárez al vender al otro demandado Rodríguez los derechos y acciones de la demandante, actuó como apoderado de ésta, no habiéndose revocado el poder sino después de la cesión.

La cesión cuya nulidad se pide se llevó a efecto el 14 de agosto de 1918. En la demanda se alega que el poder que la demandante había otorgado al demandado Suárez "estuvo en vigor hasta los primeros meses del año 1918, en cuya fecha la demandante comunicó por carta a don Marcial Suárez que deseaba no continuase en el ejercicio de tal poder, revocación que hizo en forma legal, en 24 de agosto de 1918, ante el notario de la Habana don Juan Antonio Lliteras, cuya revocación fué notificada al apoderado en esta ciudad, el doce (12) de diciembre de dicho año, por el notario de esta capital don Antonio Trujillo."

Si esa fuera la única alegación contenida en la demanda con respecto a tal extremo, tendrían tal vez razón los demandados, pero en la demanda se alega además que Suárez "contraviniendo la voluntad expresa de la demandante y cuando ésta le había notificado ya por carta la revocación del poder, maliciosamente y en fraude de sus intereses, traspasó cuantos derechos y acciones a ella correspondían en la herencia de su dicho hermano, a don José Rodríguez Alvarez, * * * ," que "en dicho contrato no medió precio alguno * * * " y que "el cesionario o comprador indicado es persona que carece de recursos para hacer una operación como la concertada, y sabía, al figurar como adquirente, el fin con que dicha enajenación se hacía, que no era otro, que perjudicar a la demandante en sus legítimos derechos, imposibilitando toda reclamación de su parte."

La sentencia se dictó sobre las alegaciones. Todo lo alegado en la demanda debe en tal virtud aceptarse como cierto. Y si es cierto que el demandado Suárez había sido ya notificado por carta que se le revocaba el poder y el otro demandado Rodríguez sabía que se trataba de una transacción fraudulenta, claro es que lo actuado por ambos en contra de los intereses de la demandante está viciado de nulidad.

La expresión usada por la demandante en uno de los pasajes de la demanda que dejamos transcrito, a saber: "traspasó cuantos derechos y acciones a ella correspondían en la herencia de su dicho hermano" fué lo que dió origen seguramente a la conclusión a que llegó la corte sentenciadora de que la demandante reclamaba como heredera de su hermano, y no siendo tal heredera, que no tenía personalidad, o más propiamente, que carecía de acción. Volvemos a decir que leída toda la demanda se concluye que la demandante reclama como heredera de su padre y no de su hermano. Lo que sucede es que Cándido Suárez falleció en esta Isla en 1901, que sus bienes estaban situados aquí y que su

padre residía en España. Parece que no se hizo división alguna entre el padre y los hijos naturales de Cándido, siendo la herencia administrada por el demandado Marcial Suárez. Al año siguiente, 1902, falleció el padre y Marcial continuó administrando los bienes y los herederos del padre continuaron residiendo fuera de la Isla y así se hablaba siempre de la herencia de Cándido porque esa era en verdad la realidad de las cosas.

La sentencia apelada debe revocarse y el caso devolverse a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.